(125 So. 61)

### LITTLEJOHN v. STAGGERS. (3 Div. 599.)

Court of Appeals of Alabama. Dec. 10, 1929.

Hobbs, Craig & Brown, of Selma, for appellant.

Joseph R. Bell, of Hayneville, and Harry W. Gamble, of Selma, for appellee.

BRICKEN, P. J. The report of this case contains a copy of the complaint, which consists of one count. The defendant in the court below challenged its sufficiency by 23 grounds of demurrer.

■ It is insisted here that there is no duty on the operator of a motor vehicle to display a light on a motor vehicle while it is parked on or adjacent to a public highway in the state of Alabama. Section 6264 of the Code of Alabama of 1923, reads as follows:

"*Every motor vehicle, operated or driven upon the public highways of this state shall be provided with adequate brakes in good working order and sufficient to control such vehicle at all times when the same is in use and a suitable and adequate bell, horn or other device for signaling, and shall, during the period from one half hour after sunset to one half hour before sunrise, display at least two lighted lamps on the front and one on the rear of such vehicle, which shall also display a red light visible from the rear.* The rays of such rear lamp shall shine upon the number plate carried on the rear of such vehicle in such manner as to render the numerals thereon visible at least fifty feet in the direc-

tion in which the motor vehicle is proceeding. *The lamps on such vehicle need not be lighted when the vehicle is standing under the rays of a light and can be plainly seen.* Every person operating or driving a motor vehicle on the public highways of this state shall also, when approaching a crossroads outside the limits of a city or incorporated village, slow down the speed of the same, and shall sound his bell, horn or other device for signaling in such a manner as to give notice and warning of his approach."

Appellant here insists that the automobile "cannot possibly be said to have been in operation on the public highways of this state at the time of the collision. It not only was not being operated or driven at that time, but was (by reason of the blow-out and the consequent removal of one of its tires, and the further fact that its left front wheel was still jacked up) in such condition that it could not be operated or driven." We think it was the intention of the Legislature to require a motor vehicle parked on a public highway in this state to display the rear light mentioned in section 6264 of the Code, and that this intention is evidenced by said section quoted.

■ The defect in the single count of the complaint, as we see it, is that it is not averred that the truck or automobile was parked *on a public highway.* Everything charged in the count might be true, and the automobile might not have been parked on the public highway. Unless the automobile was parked on the public highway, the facts set out in the complaint do not disclose an obligation, as a matter of law, to display a rear light. For this reason the complaint was defective, and the demurrer thereto should have been sustained.

■ The defendant interposed, among others, two pleas, namely, pleas 3 and 4, which, at the conclusion of the evidence, were stricken on motion of the plaintiff. Plea 3 is a plea that the automobile was standing in the moonlight, and plea 4 is a plea that it was standing in the rays of the headlights of plaintiff's automobile. These pleas were not an answer to the complaint, and the trial judge did not abuse his discretion in striking them at the instance of plaintiff.

■ Charge 4, requested by appellant, reads as follows: "4. I charge you, gentlemen of the jury, that the fact, if it be a fact, that defendant's truck had no rear light on it when and while running along the highway from Montgomery to the point where its stopped and parked, should not be considered by you as evidence of any negligence of the defendant for which he is being sued in this case."

It is our opinion that this charge was erroneously refused. This record does not disclose any causal connection between the rear light on the truck while running along the

326

highway from Montgomery to the point where it stopped and the injury of which plaintiff complains.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and, remanded.